JOSE, AYON.
(Name)
Kern Valley State Prison B-6
(Address)
P.O. Box 5102, Delano, CA. 93216
(City, State, Zip)
#P-22590
(CDC Inmate No.)

2254 ____ 1983 ✓
FILING FEE PAID
Yes ____ No ____
IFP MOTION FILED
Yes ✓ No ____
COPIES SENT TO
Court ✓ ProSe ____

FILED
NOV 19 2007
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ____ DEPUTY

# United States District Court
## Southern District of California

JOSE AYON,
(Enter full name of plaintiff in this action.)

Plaintiff,

v.

T. Richardson, Sergeant, of the Salinas Valley State Prison; and Docs thru, inclusive ~~Defendants.~~
(Enter full name of each defendant in this action.)

Defendant(s).

'07 CV 2212 JLS NLS
Civil Case No. ____
(To be supplied by Court Clerk)

Complaint Under the Civil Rights Act 42 U.S.C. § 1983
Against Cruel and Unusual Punishment of Retaliatory transfer, and Prisoner Abuse
Demand for Jury trial

**A. Jurisdiction**

Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983. If you wish to assert jurisdiction under different or additional authority, list them below.
jurisdiction is based upon U.S.C. §1331 and 1343.

**B. Parties**

1. Plaintiff: This complaint alleges that the civil rights of Plaintiff, JOSE, AYON (print Plaintiff's name) #P-22590 B6-114, who presently resides at Kern Valley State Prison, P.O. Box 5102, Delano, CA. 93216 (mailing address or place of confinement), were violated by the actions of the below named individuals. The actions were directed against Plaintiff at Salinas Valley State Prison (institution/place where violation occurred) on (dates) 2/00, 2/01, 12/01 (Count 1), 7/02, 8/03 (Count 2) and 4/05, 5/05 (Count 3).

2. Defendants: (Attach same information on additional pages if you are naming more than 4 defendants.)

(1) Defendant T. Richardson resides in unknown,
(name) (County of residence)
and is employed as a Sergeant at SVSP. This defendant is sued in
(defendant's position/title (if any))
his/her ☒ individual ☒ official capacity. (Check one or both.) Explain how this defendant was acting under color of law: Defendant T. Richardson is the Sergeant of the Salinas Valley State Prison. He is legall responsible for the operations of the Salinas Valley State Prison, Facility D, and for the Safety and Welfare of all the inmates of that Prison including the Plaintiff.

(2) Defendant defendants Does thru resides in S.V.S.P.,
(name) (County of residence)
and is employed as a true names and capacities are unknown This defendant is sued in
(defendant's position/title (if any))
his/her ☑ individual ☑ official capacity. (Check one or both.) Explain how this defendant was acting under color of law: Who, therefore, Sues Said defendants by Such Fictitious names. Plaintiff is informed and believes thereon alleges that the fictitiously named defendants, and each of them are in some way manner legally responsible to the Plaintiff for, cont.

(3) Defendant All Defendants resides in SVSP.,
(name) (County of residence)
and is employed as a SVSP Staff. This defendant is sued in
(defendant's position/title (if any))
his/her ☐ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting under color of law: All defendants, and each of them, acted under Color of Law and are sued in his and her personal and official capacities.

Defendant ______ resides in ______,
(name) (County of residence)
and is employed as a ______. This defendant is sued in
(defendant's position/title (if any))
his/her ☐ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting under color of law: ______

2 Cont: the events and happenings herein. Plaintiff will seek leave of Court to Ammend this Complaint to insert the true names and capacities of said fictitiously named defendants and each of them, when the same have been ascertained.

**C. Causes of Action** (You may attach additional pages alleging other causes of action and the facts supporting them if necessary.)

Count 1: The following civil right has been violated: Freedom from cruel and unusual punishment of Retaliatory transfer and Prisoner Abuse. (E.g., right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts: [Include all facts you consider important to Count 1. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 1.]

1- On 12-23-2000, while the plaintiff was housed at the Salinas Valley State Prison, herein the S.V.S.P., on Facility C, the plaintiff was physically assaulted by two (2) inmates while on the recreation yard, and the plaintiffs injuries were so substantial that the plaintiff had to be taken to the emergency hospital. the plaintiff was then placed in an Administrative Segregation unit as a victim.

2- On 2-20-2001, the S.V.S.P. officials returned the plaintiff back to Facility C where the assault occurred and while the plaintiff's enemies resided.

3- On 12-4-~~2001~~2001, the plaintiff was physically assaulted again by two (2) inmates while on Facility C recreation yard. The plaintiff was once again placed in an Administrative Segregation unit.

4- On 12-26-2001, the plaintiff was discharged to Facility D of the S.V.S.P. for the plaintiffs safety.

5- On 7-10-2002, the plaintiff was placed in Administrative Segregation due to a phisical altercation. While the plaintiff was in the Administrative Segregation within Facility D, build 2, the S.V.S.P. officials cleared the plaintiff to attend the daily outdoor recreation mini yard. The S.V.S.P. officials also cleared the plaintiff's two (2) enemies of previous altercation to also attend the D2 Administrative Segregation mini yard along with the plaintiff.

6- On 8-25-03, the plaintiff was returned to Facility D, building 6 of the S.V.S.P.

7- On 4-7-05, defendant Richardson informed the plaintiff that the plaintiff was being transferred from Facility D5 to Facility C. The plaintiff informed defendant Richardson that the plaintiff had a documented enemy on Facility C from a previous incident on

Count 2: The following civil right has been violated: Freedom From Cruel And unusual Punishment of Rataliatory transfer and Prisoner Abuse (E.g., right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts: [Include all facts you consider important to Count 2. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 2.]

Continued;, Facility C and that Defendant Richardson should prevent the plaintiff from being moved to Facility C. Defendant Richardson Said that he would double check to confirm if the plaintiff had an enemy on Facility C. Defendant Richardson acted despite his knowledge of a Substantial risk therefore Consciously and Recklessly Contributing to a harmful condition by transferring the plaintiff to Facility C, build 2, Cell/Rm. 208 on or about April 7th of 2005 where the inmate/enemy resided.

8- From 4/7/05 to 4/14/05 the plaintiff became paranoid and fearful for his Safety and welfare from his enemy on Facility C, and the plaintiff began experiencing painful Stomache aches, head aches, insomnia, and nervousness from being placed and housed on the same Facility as his enemy.

9- On 4-14-05, the plaintiff was interveiwed by lieutenant G. Jordan He then Stated, "How the hell did you end up over here. It could have been a bloodbath. There's no way you could stay over here". lieutenant Jordan then had the plaintiff placed in an Administrative Segregation Unit on Facility D, Building 8.

10- On 5-18-2005, the plaintiff was placed on Facility D.

11- Defendant Richardson's transfer of the plaintiff to Facility C, where the plaintiffs enemy was housed posed a Serious threat.

12- Defendant Richardson did nothing to prevent the plaintiff from being housed in a threatening Condition.

13- On information and belief, defendant Richardson, Under Color of State Law and in the course of his official capacity and employment, did transfer the plaintiff to S.V.S.P. Facility C.

Count 3: The following civil right has been violated: Freedom from Cruel and

unusual Punishment of Retaliator transfer and Prisoner Abuse. (E.g., right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts: [Include all facts you consider important to Count 3. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 3.]

Continued;, with malicious and sadistic intentions in retaliation as a disciplinary measure.

14- Defendant Richardson deprived the plaintiff of his personal property, job earning credits, capacity, and A-1A Status, due to the transfer to Facility C, therefore causing the plaintiff to end up in an administrative Segregation Unit because defendant Richardson recklessly contributed to and had knowledge of the status of this harmful condition while endangering the plaintiff.

15- On information and belief, defendant Richardson has a pattern, practice, and policy of maliciously and purposefully transfering inmates, including the plaintiff, to a Facility where an enemy is housed in order to later transfer the inmates including the plaintiff to an administrative Segregation Unit while confiscating, loosing and withholding ~~[illegible]~~ the inmates; including the plaintiffs, legal and personal property.

16- On information and belief, defendant Richardson violated Title 15, CCR sections 3004(b) and 3391(a) which states, "Employees shall not disrespect or facilitate any violence upon inmates or disregard any potential harmful acts.

17- The plaintiff has exhausted administrative remedies

Legal Claims.

First Cause of action - Cruel and unusual Punishment

[illegible]- A. Retaliatory transfer.

18 — Plaintiff realleges and incorporated herein by reference and every allegation of paragraphs through

19 — Defendant Richardsons ~~[illegible]~~ transfer of the plaintiff from Facility D to Facility C, a Facility where the plaintiffs enemy

D. Previous Lawsuits and Administrative Relief

1. Have you filed other lawsuits in state or federal courts dealing with the same or similar facts

Freedom From Cruel and Unusual Punishment of Retaliatory transfer and Prisoner Abuse.

Continued ;; was housed ; was illegal, negligent and done maliciously and Sadistically while consciously and recklessly contributing to and had knowledge of this harmful condition, therefore resulting in actual harm to the plaintiff, (If there are unsafe conditions that clearly pose a serious threat, plaintiff can bring a claim before actual harm is suffered).

20- This illegal retaliatory transfer infringed upon the plaintiffs Federal Rights against Cruel and unusual punishment guaranteed under the Eighth Amendment to the United States Constitution.

B- Deliberate Indifference

21- - Defendant Richardson Consciously and recklessly contributed to or had knowledge of this harmful condition and did nothing to correct it, which resulted in actual and Potential harm to plaintiff.

22- - Defendant Richardson, under Color of State Law in the course of his official capacity and employment, did in fact know of the condition that posed a serious threat to the plaintiff and did not act to do something about this threatening condition as well as causing the illegal confiscation, withholding, and loss of the plaintiffs legal and personal property. This Deliberate Indifference infringed upon the plaintiffs ~~Fe~~ Federal Rights against the Cruel and unusual punishment clause guaranteed under the Eighth Amendment to the United States Constitution.

RT PAPER
OF CALIFORNIA
113 (REV. 3-95)
B 10924

involved in this case? ☒ Yes ~~☐ No.~~ Yes.

If your answer is "Yes", describe each suit in the space below. [If more than one, attach additional pages providing the same information as below.]

(a) Parties to the previous lawsuit:
Plaintiffs: Jose Ayon.
Defendants: T. Richardson

(b) Name of the court and docket number: Northern district of California.
C-07-3693 (MJJ) (PR).

(c) Disposition: [For example, was the case dismissed, appealed, or still pending?]
Dismissed.

(d) Issues raised: Violation of constitutional rights guaranteed under the Eighth Ammendment to the United States constitution, Civil Complaint.

(e) Approximate date case was filed: ~~Sept 20~~ August 23 2007.

(f) Approximate date of disposition: Sept 21 2007.

2. Have you previously sought and exhausted all forms of informal or formal relief from the proper administrative officials regarding the acts alleged in Part C above? [E.g., CDC Inmate/Parolee Appeal Form 602, etc.] ? ☒ Yes ☐ No. See attached.

If your answer is "Yes", briefly describe how relief was sought and the results. If your answer is "No", briefly explain why administrative relief was not sought.
See attached.
Appeal and decision per institutional appeal process

**E. Request for Relief**

Plaintiff requests that this Court grant the following relief:

1. An injunction preventing defendant(s): The plaintiff has no plain, adequate or complete remedy at Law to redress the wrongs described herein. Plaintiff has and will continue to be irreparably injured by the Conduct of All defendants, and each of them, unless this Court grants the relief which —see Attached.—
2. Damages in the sum of $ See attached —.
3. Punitive damages in the sum of $ See attached.—
4. Other: See attached.—

**F. Demand for Jury Trial**

Plaintiff demands a trial by ☑ Jury ☐ Court. (Choose one.)

**G. Consent to Magistrate Judge Jurisdiction**

In order to insure the just, speedy and inexpensive determination of Section 1983 Prisoner cases filed in this district, the Court has adopted a case assignment involving direct assignment of these cases to magistrate judges to conduct all proceedings including jury or bench trial and the entry of final judgment on consent of all the parties under 28 U.S.C. § 636(c), thus waiving the right to proceed before a district judge. The parties are free to withhold consent without adverse substantive consequences.

The Court encourages parties to utilize this efficient and expeditious program for case resolution due to the trial judge quality of the magistrate judges and to maximize access to the court system in a district where the criminal case loads severely limits the availability of the district judges for trial of civil cases. Consent to a magistrate judge will likely result in an earlier trial date. If you request that a district judge be designated to decide dispositive motions and try your case, a magistrate judge will nevertheless hear and decide all non-dispositive motions and will hear and issue a recommendation to the district judge as to all dispositive motions.

You may consent to have a magistrate judge conduct any and all further proceedings in this case, including trial, and the entry of final judgment by indicating your consent below.

Choose only one of the following:

☒ Plaintiff consents to magistrate judge jurisdiction as set forth above.

OR

☐ Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case.

11-8-07
Date

Jose Ayon
Signature of Plaintiff

Relief Continued; Wherefore, plaintiff respectfully requests that this Court enter judgement granting plaintiff:

1.) Compensatory damages:

a. for retaliatory transfer of the plaintiff in the amount of $5,000.00 (Five thousand dollars)

b. for deliberate indifference in the amount of $15,000 (fifteen thousand dollars)

c. for physical damages of pain and suffering in the amount of $10,000.00 (ten thousand dollars)

d. for mental damages of emotional distress in the amount of $5000.00 (five thousand dollars)

e. for loss or withdding of legal and personal property in the amount of $2,500.00 (two thousand 5 hundred dollars)

2.) Punitive damages against all said defendants in the amount of $10,000.00 (ten thousand dollars.)

3.) Costs incurred by the complaint

4.) Attorney fees.

5.) Trial by a jury on all issues triable by a jury.

6.) Such other and further relief as this court may deem proper.

Dated; 11-8-07 Respectfully Submitted,

Sign. x Jose Ayon

JOSE AYON # P-22590

In Pro-Per Plaintiff.

Verification.

I declare under penalty of perjury that the foregoing is true and correct.

Dated; 11-8-07 Declarant. x Jose Ayon

RT PAPER
OF CALIFORNIA
113 (REV. 3-95)
98 10024

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
~~P. O. BOX 942883~~
SACRAMENTO, CA 94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

Date: JUL 14 2006

In re: Ayon, P-22590
Kern Valley State Prison
P.O. Box 6000
Delano, CA 93216

IAB Case No.: 0511913 Local Log No.: SVSP 05-01966

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner J. G. Arceo, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

I **APPELLANT'S ARGUMENT:** It is the appellant's position that on April 7, 2005, Correctional Sergeant (Sgt.) Richardson told him he was moving to "C" yard. He advised Sgt. Richardson that due to a documented enemy situation he could not move to "C" yard. Sgt. Richardson responded that he would double check to confirm the enemy and get back to the appellant. Later, Sgt. Richardson cleared him for housing on "C" yard and he was moved into cell "C-2-208." On April 14, 2005, he was seen by Correctional Lieutenant G. Jordan, who confirmed the documented enemy on "C" yard and rehoused him into the Administrative Segregation Unit (ASU). The appellant requests; 1) a thorough investigation into Sgt. Richardson's actions; 2) a copy of this appeal placed into his central file; and 3) that Sgt. Richardson be drug tested.

II **SECOND LEVEL'S DECISION:** The reviewer found that on July 20, 2005, Sgt. Richardson attested that he reviewed the appellant's central file (C-file) and there was nothing noted indicating that the appellant had an enemy on "C" yard. On July 21, 2005, a review of the appellant's C-file was conducted but due to an administrative error, the appellant was placed on a facility that he should not have been on. Subsequently, the appellant was removed from that facility and placed in to the ASU pending bed availability on "D" yard. The Second Level of Review indicates the policy and procedures for staff to follow at Salinas Valley State Prison (SVSP) for mass transfers of inmates from one facility to another.

III **DIRECTOR'S LEVEL DECISION:** Appeal is granted in part.

A. **FINDINGS:** A review of the documentation presented by the appellant reveals that the institution processed this appeal as a Living Condition issue. The institution does have the authority to make cell moves in order to properly utilize available bed space; however, this appeal alleges staff misconduct. Pursuant to departmental policy, as established in Administrative Bulletin 05-03 (AB), Processing of Adult Inmate/Parolee Appeal, CDC Form 602, Which Allege Staff Misconduct, issued on November 22, 2005, the institution shall also process this appeal as a Staff Complaint, Category "7". This will afford the Hiring Authority the opportunity to review the alleged staff misconduct and adequately make the appropriate determination according to current policy. The appellant has presented compelling argument to warrant modification of the decision reached by the institution.

B. **BASIS FOR THE DECISION:**
California Code of Regulations, Title 15, Section: 3001, 3084.5, 3270, 3287, 3312, 3391, 3402

C. **ORDER:** The SVSP-Inmate Appeals Coordinator shall immediately present this appeal to the Hiring Authority or designee. The Hiring Authority shall then make the appropriate notation on the Determination of Staff Complaint form according to established policy in AB 05-03.

This issue was discussed with the Warden.

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc: Warden, KVSP
Appeals Coordinator, KVSP
Appeals Coordinator, SVSP

2nd

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

# INMATE/PAROLEE APPEAL FORM

CDC 602 (12/87)

Location: Institution/Parole Region 1. SVSP C 2.

Log No. 1. 05-01966 2.

Category 9

CAZ ~~HSP~~

C/d

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

Housing Assignment

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| JOSE AYON | P22590 | | D6-126 |

A. Describe Problem: ON APRIL 7, 05, I WAS CONTACTED AT MY CELL BY SGT. RICHARDSON, WHICH STATED TO ME THAT HE NEED FOR ME AND CELLMATE PEREZ TO MOVE BECAUSE HE NEEDED THE CELL WE OCCUPIED - D5-122, AND THAT WE WOULD BE MOVING TO C-YARD. "I STATED TO SGT. RICHARDSON, DUE TO DOCUMENTATION AND A PREVIOUS INCIDENT THERE'S A KNOWN ENEMY IN MY C-FILE HOUSED IN C-YARD WHICH PREVENTS ME FROM BEING MOVED TO THAT YARD. SGT. RICHARDSON TOLD ME THAT HE WOULD DOUBLE CHECK TO CONFIRM THE ENEMY AND HE WILL GET BACK ~~TO~~ ME. SGT. RICHARDSON THEN CLEAR ME FOR C-YARD OBVIOUSLY WITHOUT CONFIRMING MY ENEMY, AND WAS MOVED TO C-2-208. ON APRIL 14, 05, I RETURNED FROM THE RECREATION YARD TO BE PULLED OUT -

If you need more space, attach one additional sheet.

B. Action Requested: I WOULD LIKE A THOUROUGH INVESTIGATION INTO SGT RICHARDSON ACTIONS, A COPY OF THIS 602 PLACED INTO SGT. RICHARDSON'S FILE FOR RETALIATION AND FINALLY, FOR SGT. RICHARDSON BE DRUG-TESTED FOR HIS RECKLESS ACTIONS.

THANK YOU!

Inmate/Parolee Signature: Jose Ayon

REC'D MAY 1 8 2005

Date Submitted: 5-15-05

REC'D AUG 08 2005

C. INFORMAL LEVEL (Date Received: )

Staff Response:

BYPASS

RECEIVED DEC 22 2005 INMATE APPEALS BRANCH

Staff Signature:

Date Returned to Inmate:

D. FORMAL LEVEL

If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

BYPASS

RECEIVED APR 9 2006 INMATE APPEALS BRANCH

Signature:

Date Submitted:

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

PG# ② (FORMAL LEVEL)

MY CELL BY FLOOR OFFICER AND WAS ESCORTED TO THE PROGRAM OFFICE, WHERE I WAS SEEN BY LT. MRS. G. JORDAN, SHE TOLD ME SHE REVIEWED MY C-FILE AND RECOGNIZED I HAD A DOCUMENTED ENEMY ON C-YARD. SHE STATED, "HOW THE HELL YOU ENDED UP OVER HERE. IT COULD HAVE BEEN A BLOOD BATH; THERE'S NO WAY YOU COULD STAY OVER HERE" LT. JORDAN, THEN DECIDED TO PLACE ME IN ADMINISTRATIVE SEGREGATION, IN D-8.

DUE TO SGT. RICHARDSON "DELIBERATE INDIFFERENCE" I WAS DEPRIVED OF MY PERSONAL PROPERTY, JOB EARNING, CREDITS AND A1-A STATUS.

ALSO, I WAS VERY PARANOID AND FEARED FOR MY SAFETY, BECAUSE THE DOCUMENTED ENEMY WAS OBVIOUSLY PLANNING TO CAUSE PHYSICAL HARM TO ME.

THEREFORE, ACCORDING TO §3004.(b), AND 3391.(a) EMPLOYEES SHOULD NOT DISRESPECT OR FACILITATE ANY VIOLENCE UPON INMATES OR DISREGARD ANY POTENTIAL HARMFUL ACTS.

RESPECTFULLY,

Jose Ayon — 5-15-05

STATE OF CALIFORNIA
**ADMINISTRATIVE SEGREGATION UNIT PLACEMENT NOTICE**
CDC 114-D (Rev 10/98)

DEPARTMENT OF CORRECTIONS

DISTRIBUTION:
WHITE - CENTRAL FILE | CANARY - WARDEN
BLUE - INMATE (2ND COPY) | PINK - HEALTH CARE MGR
GREEN - ASU | GOLDENROD - INMATE (1ST COPY)

Salinas Valley State Prin    Facility 'C'

| INMATE'S NAME | CDC NUMBER |
|---|---|
| Ayon | P-22590 |

**REASON(S) FOR PLACEMENT *(PART A)***

☒ PRESENTS AN IMMEDIATE THREAT TO THE SAFETY OF SELF OR OTHERS
☐ JEOPARDIZES INTEGRITY OF AN INVESTIGATION OF ALLEGED SERIOUS MISCONDUCT OR CRIMINAL ACTIVITY
☒ ENDANGERS INSTITUTION SECURITY ☐ UPON RELEASE FROM SEGREGATION, NO BED AVAILABLE IN GENERAL POPULATION

DESCRIPTION OF CIRCUMSTANCES WHICH SUPPORT THE REASON(S) FOR PLACEMENT: You, Inmate Ayon, P-22590, are being placed in Administrative Se (Ad-seg) for security concerns. On 04-14-05, a review of your C-File reflected that you have documen emies on Facility "C". As a result of this, you are deemed a threat to the safety and security of the institution, its staff and inmates. You will placed in Facility "C", building 6 pending bed availability in Facility "D" and/or Ad-Seg. You will remain on Ad-Seg status pending review for appropriate housing. As a result of this placement, your credit earning, custody, and visiting status are subject to change. Inmate Ayon is/is not a participant in the Mental Health Services Delivery System. Placement ordered by Lieutenant G. Jordan.

☐ CONTINUED ON ATTACHED PAGE (CHECK IF ADDITIONAL) ☐ IF CONFIDENTIAL INFORMATION USED, DATE OF DISCLOSURE: / /

| DATE OF ASU PLACEMENT | SEGREGATION AUTHORITY'S PRINTED NAME | SIGNATURE | TITLE |
|---|---|---|---|
| [illegible] | G. Jordan | [signature] | Lieutenant |

| DATE NOTICE SERVED | TIME SERVED | PRINTED NAME OF STAFF SERVING ASU PLACEMENT NOTICE | SIGNATURE | STAFF'S TITLE |
|---|---|---|---|---|
| [illegible] | [illegible] | [illegible] | [signature] | |

| ☐ INMATE REFUSED TO SIGN | INMATE SIGNATURE | CDC NUMBER |
|---|---|---|
| | | |

**ADMINISTRATIVE REVIEW *(PART B)***
***The following to be completed during the initial administrative review by Captain or higher by the first working day following placement***

**STAFF ASSISTANT (SA)** | **INVESTIGATIVE EMPLOYEE (IE)**

| STAFF ASSISTANT'S NAME | TITLE | INVESTIGATIVE EMPLOYEE'S NAME | TITLE |
|---|---|---|---|
| | | | |

**IS THIS INMATE:**

LITERATE? ☐ YES ☐ NO
FLUENT IN ENGLISH? ☐ YES ☐ NO
ABLE TO COMPREHEND ISSUES? ☐ YES ☐ NO
FREE OF MENTAL HEALTH SERVICES DELIVERY SYSTEM NEEDS? ☐ YES ☐ NO
DECLINING FIRST STAFF ASSISTANT ASSIGNED? ☐ YES

Any "NO" requires SA assignment
☐ NOT ASSIGNED

EVIDENCE COLLECTION BY IE UNNECESSARY ☐ YES ☐ NO
DECLINED ANY INVESTIGATIVE EMPLOYEE ☐ YES ☐ NO
ASU PLACEMENT IS FOR DISCIPLINARY REASONS ☐ YES ☐ NO
DECLINED 1ST INVESTIGATIVE EMPLOYEE ASSIGNED ☐ YES

Any "NO" may require IE assignment
☐ NOT ASSIGNED

**INMATE WAIVERS**

☐ INMATE WAIVES OR DECLINES INTERVIEW WITH ADMINISTRATIVE REVIEWER ☐ INMATE WAIVES RIGHT TO 72 HOURS PREPARATION TIME

| ☐ NO WITNESSES REQUESTED BY INMATE | INMATE SIGNATURE | DATE |
|---|---|---|
| | | |

**WITNESSES REQUESTED FOR HEARING**

| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |
|---|---|---|---|
| | | | |
| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |
| | | | |

**DECISION:** ☐ RELEASE TO UNIT/FACILITY________ ☐ RETAIN PENDING ICC REVIEW ☐ DOUBLE CELL ☐ SINGLE CELL PENDING ICC

REASON FOR DECISION:

| ADMINISTRATIVE REVIEWER'S PRINTED NAME | TITLE | DATE OF REVIEW | TIME | ADMINISTRATIVE REVIEWER'S SIGNATURE |
|---|---|---|---|---|
| | | | | |

| CORRECTIONAL ADMINISTRATOR'S PRINTED NAME (if necessary) | CORRECTIONAL ADMINISTRATOR'S CO-SIGNATURE (if necessary) | DATE OF REVIEW |
|---|---|---|
| | | |

See Chronological Classification Review document (CDC 128-G) for specific hearing information

# APPEAL - FIRST LEVEL REVIEW

**DATE:** July 21, 2005

**NAME:** Ayon **CDC #** P-22590

**APPEAL #:** **APPEAL LOG #SVSP-C-05-01966**

**APPEAL DECISION:** Partially Granted

**SUMMARY OF APPEAL:** Appellant states that Sergeant T. Richardson moved him from Delta Facility to Charlie Facility without reviewing his C-File. Appellant alleges that he has a known enemy on that yard and advised Sergeant Richardson of this. Sergeant Richardson still moved him to Charlie Yard.

The appellant is requesting on appeal that:

1. A thorough investigation is conducted.
2. A copy of this appeal is placed in Sergeant Richardson's file.
3. A drug test is given to Sergeant Richardson for his reckless actions.

**SUMMARY OF INVESTIGATION:** On July 20, 2005, I interviewed Inmate Ayon regarding this appeal. Inmate Ayon stated that he had nothing further to add to this appeal.

On July 20, 2005, I interviewed Sergeant Richardson. Sergeant Richardson said "I reviewed the inmate's C-File and there was nothing noted indicating that he had an enemy on C Yard."

On July 21, 2005 a review of Inmate Ayon's C-File was conducted.

**APPEAL RESPONSE:** Partially Granted. This appeal is partially granted in that a thorough investigation has been completed. Initial review of your Central File indicated that there were no documented enemies listed in it. Upon further review it was determined that you did have a documented enemy on Charlie Yard. A review of your documented enemies by Sergeant T. Richardson was done correctly. Due to administrative error, you were placed on a Facility that you should not have been on; as a result you were removed from that facility and placed in Administration Segregation, pending bed availability on Delta Yard.

If you are dissatisfied with this decision, you may appeal to the Second Level by following the instructions on your appeal form.

D. Caplan
D. CAPLAN
Delta Program Sergeant
Salinas Valley State Prison

D.A. TRAVERS
Correctional Administrator
Complex II

12-12-05

Pg-1

To whom iT may concern.

On April 7, 2005, I submitted a CDC appeal-form 602 against Sgt. T. Richardson's deliberate indifference and reckless accions (602 attached).

Due To lack and poor investigation and cover-up by superior staffs Throughout first and second level, there wasn't any options left but to approach honorable Director-review, hoping Relief will be granted in my favor, once I shown a miscarriage of justice by prison's superior officials.

Subsequently, superiors officials like Sgt. D. Caplan, who was in charge of investigation of 602 in question, and - Sgt. T. Richardson, whom, The stated 602, was submitted against, both at different times attempted to persuade me To drop 602.

When Sgt D. Coplan first and last came to review me about the matter, he was more focused in 602 to be dropped Than To do what he was entitled to, investigate.

In a like maner, after I was released from AD-SEG, where I was housed after having beeng removed from C-yard, yard I appraised Sgt. T. Richardson I was restricted To be, Sgt T Richardson accompanied by C/o Mercado Came to see me, bringing my personal property along, and related to me: "alright, Ayon, I'm bringing to you your belongings. What up! What you want to do with 602? You want to - drop it?" Sgt. T. Richardson not only endivor in persuade me To drop 602, but, also, manipulated me.

 Exhibit A'

Pg. 2

~~The decision reached by Sgt. D. Caplan and~~ LT. T. Billings, in both firts and second level review, was that Sgt. T. Richardson did review my C-FILE and did not reflect any enemies on facility C.

Furthermore, They stated that Sgt. Richardson ~~barely~~ hardly made a mistake, and blamed administrative staff.

I fail To see, having in mind C-FILE is inmate's shadow, how administrative staff can devide my C-FILE or withdraw a critical and substantial part aside. IT Just make no sense.

IT is known that there is a single CENTRAL-FILE for each and every inmate, And them both, inmate and C-FILE can not be taken apart. For an instance, where an inmate goes or get moved the C-FILE follows, Just like when I was moved To Facility "C", a Facility I shouldn't be placed, C-FILE followed me and there it was discovered that my C-FILE reflected enemies, and therfore moved out.

Therefore, it is crystal clear that Sgt. T. Richardson did look into my C-FILE and indeed saw that I had enemies derived therefrom.

As a result, I gather Sgt. T. Richardson wanted me to be Killed and/or, if not killed, get additional time, other than the time I already have.

In resume, due to the persuasive and attempt to have me drop the 602, and all cover-up by superior ~~staffs~~ staff, it is obvious that my C-FILE was never - Ever - taken apart. ~~And~~

Pg. 3

And that my life was put in jeopardy, also; Therfore, I'm dissatisfied by outcome so far, and greatly disappointed by Sgt. D. Caplan and Lt. T. Billings badfaith performance herein.

According to CDC title 15 §3004. (b) and 3391. (a) - Employees should not disrespect or facilitate any violence upon inmates or disregard any potentoal harmful acts, and by Sgt. D. Caplan and Lt. T. Billings, who ventured in reaching a decision base not in good faith, and in light of evidence highlighted by me, I, respectfully ask your honorable Director review to bring justice forth.

Thank you!

Respectfully,
Jose Ayon 12-12-05

RECEIVED
AUG 1 5 2005
AW/COMPLEX II

**INMATE APPEAL ROUTE SLIP**

To: CA2

Date: August 11, 2005

RECEIVED
AUG 1 5 2005
FACILITY D

From: INMATE APPEALS OFFICE

Re: Appeal Log Number SVSP-C-05-01966 By Inmate AYON, P22590

Please assign this appeal to appropriate staff for SECOND level response.

Appeal Issue: LIVING CONDITIONS
Due Date: ~~09/06/2005~~ 9/2/05
Special Needs:

D

STAFF INSTRUCTIONS:
Second level appeals require a personal interview if not afforded at the first level. Begin your response with: GRANTED, DENIED, PARTIALLY GRANTED or WITHDRAWN. When complete, return to Appeals Office. Appeals that are incomplete will be returned to the responding staff for appropriate completion. Refer to D.O.M. 54100 for instructions.

T. Variz, CC-II / S. Gomez, CC-II(A)
Appeals Coordinator
Salinas Valley State Prison

STATE OF CALIFORNIA —DEPARTMENT OF CORRECTIONS AND REHABILITATION ARNOLD SCHWARZENEGGER, GOVERNOR

**INMATE APPEALS BRANCH**

~~1515 S Street, Sacramento, CA 95814~~
P.O. Box 942883
Sacramento, CA 94283-0001

April 3, 2006

Ayon, CDC #P-22590
Salinas Valley State Prison
P.O. Box 1020
Soledad, CA 93960-1020

Re: Institution Appeal Log #SVSP-05-01966 Living Conditions

Dear Mr. Ayon:

The enclosed documents are being returned to you for the following reasons:

Your appeal is incomplete. You must include supporting documentation. Your appeal is missing completion of Section H on the appeal form. There is no request for a Director's Level Review and no explanation as to why you may be dissatisfied with the Second Level Response; your signature and date on the form requesting a Director's Level Review.

Your assigned counselor, the Appeals Coordinator, or your Parole Agent can answer any questions you may have regarding the appeals process. Library staff can help you obtain any addresses you need.

N. GRANNIS, Chief
Inmate Appeals Branch

****PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE****

State of California — Department of Corrections and Rehabilitation

# Memorandum

Date: September 30, 2005

To: Inmate Ayon P-22590
Salinas Valley State Prison

Subject: **SECOND LEVEL APPEAL RESPONSE LOG NUMBER-SVSP-C-05-01966**

**ISSUE**: Appellant states on appeal that Correctional Sergeant (Sgt.) T. Richardson moved him from Facility D to Facility C without reviewing appellant's Central File. Appellant alleges that he has a known enemy on Facility C, apprised Sgt. Richardson of this, and Sgt. Richardson still moved appellant to Facility C.

Appellant requests on appeal that a thorough investigation be conducted in this matter, a copy of this appeal is placed in Sgt. Richardson's file for retaliation, and Sgt. Richardson is drug tested for his reckless actions.

**REGULATIONS**: The rules governing this issue are:

**CCR 3084 Appeals**
**CCR 3190 General Policy**

**SUMMARY OF INVESTIGATION**: The First Level of Review (FLR) was completed on Thursday, July 21, 2005. The appellant was interviewed by D. Caplan, Correctional Sergeant.

T. Billings, Correctional Lieutenant, was assigned to investigate this appeal at the Second Level of Review. All submitted documentation and supporting arguments have been considered.

The policy and procedure for mass transfers of inmates from one Facility to another Facility within SVSP is as follows:

1. The Correctional Counselor reviews the inmate's Central File to determine if the inmate is cleared.
2. The Central File is evaluated to determine if the inmate has any enemies or any other situation that would preclude transferring appellant to the receiving Facility.
3. The appellant was on a list of inmates, generated by Correctional Counseling Staff for transfer to Facility C.

Once Sgt. Richardson was apprised by appellant of appellant having a possible enemy situation on Facility C Sgt. Richardson reviewed Appellant's Central File. Sgt. Richardson's review of appellant's Central File did not corroborate that the appellant had enemies on Facility C.

After appellant was moved to Facility C, it was discovered that the appellant did have an enemy situation on Facility C.

Upon discovery of this error, SVSP Staff immediately re-housed appellant in an Administrative Segregation Unit (ASU) until a General Population Bed became available for him on Facility D. If an inmate is placed in ASU due to, or as a result of, administrative error, Institutional Classification Committee, (ICC) or the Facility Captain will rectify appellant's work privilege earning status at the Administrative Review of the CDC 114D, or during committee action.

**<u>DECISION</u>**: The appeal is partially granted in that a thorough investigation was conducted in this matter.

The appellant is advised that this issue may be submitted for a Director's Level of Review if desired.

L.E. SCRIBNER
Chief Deputy Warden
Salinas Valley State Prison

# Appeals Note

**To:** CA 2
**Date:** 9/13/05
**Subject: Appeal Log No.:** 05-0196

COMPLETED

REC'D SEP 21 2005
RECEIVED

SEP 14 2005
AW/COMPLEX

**The attached appeal is being returned to your unit for correction as noted below. *Please* correct and return to the Appeals Office. *Thank you.***

☐ California Code of Regulations, Section 3084.5(f) indicates a personal interview shall be conducted with the inmate at the First Level of review. The response does not indicate that a personal interview conducted.

☐ The response indicates an investigation of the issue(s) was conducted. However, there is no reference as to who was interviewed, the results of the investigation, or references used to support the decision.

☐ The response indicates the appeal was granted or partially granted. However, the response does not explain what was actually granted or how the grant was fulfilled.

☐ The response does not address the issue(s) raised by the inmate.

☐ When an appeal is granted, the reviewer is responsible for ensuring that the granted action is fulfilled. The response should speak to how the granted action was fulfilled.

☐ Staff Complaints require that the charge be stated and include an investigation of the charge. Direct reference by name of persons interviewed and an explanation of how the conclusion was reached is necessary.

☐ Staff have indicated that the inmate withdrew the appeal. However, the inmate must write on the appeal that he "withdraws the appeal" and include his signature. This appeal is missing the inmate's statement and signature. Please obtain the inmate's signature and statement.

☐ The appellant claims that there was coercion to withdraw the appeal, that he did not fail to cooperate, or that the appeal was withdrawn because the issues were incorrectly thought to have been resolved, and wishes to continue the appeal. Please investigate and take appropriate action deemed necessary.

☒ Appeal response does not meet Warden/CDW's level of quality. Please see Warden/CDW's notes on appeal and take corrective action.

☐ **Other:**

COMPLETED 9/15/05

J. LUMAN III
Appeals Coordinator
Salinas Valley State Prison

STATE OF CALIFORNIA
**ADMINISTRATIVE SEGREGATION UNIT PLACEMENT NOTICE**
CDC 114-D (Rev 10/98)

DEPARTMENT OF CORRECTIONS

DISTRIBUTION:
WHITE - CENTRAL FILE. CANARY - WARDEN
~~BLUE - INMATE (2ND COPY)~~ ~~PINK - HEALTH CARE MGR~~
GREEN - ASU GOLDENROD - INMATE (1ST COPY)

Salinas Valley State Prison

| INMATE'S NAME | CDC NUMBER |
|---|---|
| Ayon | P-22590 |

**REASON(S) FOR PLACEMENT *(PART A)***

- [X] PRESENTS AN IMMEDIATE THREAT TO THE SAFETY OF SELF OR OTHERS
- [ ] JEOPARDIZES INTEGRITY OF AN INVESTIGATION OF ALLEGED SERIOUS MISCONDUCT OR CRIMINAL ACTIVITY
- [X] ENDANGERS INSTITUTION SECURITY
- [ ] UPON RELEASE FROM SEGREGATION, NO BED AVAILABLE IN GENERAL POPULATION

DESCRIPTION OF CIRCUMSTANCES WHICH SUPPORT THE REASON(S) FOR PLACEMENT:
You, Inmate Ayon, P-22590, are being placed in Administration Segregation for your own safety. On 12-23-00 at approximately 1130 hours on the Facility 'C' Exercise Yard #1, you were observed by yard officer S. Beguhl being Battered by Inmate Santos, J-25409, and Ramirez, J-35152. Based on this, you are deemed a threat to the safety and security of this institution, it's staff and inmates. You will remain in Ad/Seg pending ICC review. As a result of this placement your privilege group, credit earnings, visiting, and custody status are subject to change. Inmate Ayon is not a participant in the MHSDS. This placement is ordered by Lieutenant E. Mazon-Alec.

- [ ] CONTINUED ON ATTACHED PAGE (CHECK IF ADDITIONAL)
- [ ] IF CONFIDENTIAL INFORMATION USED, DATE OF DISCLOSURE: / /

| DATE OF ASU PLACEMENT | SEGREGATION AUTHORITY'S PRINTED NAME | SIGNATURE | TITLE |
|---|---|---|---|
| | E. Mazon-Alec | [signature] | Lieutenant |

| DATE NOTICE SERVED | TIME SERVED | PRINTED NAME OF STAFF SERVING ASU PLACEMENT NOTICE | SIGNATURE | STAFF'S TITLE |
|---|---|---|---|---|
| 12/24/00 | 1425 | Johnson JN | [signature] | C/O |

| [ ] INMATE REFUSED TO SIGN | INMATE SIGNATURE | CDC NUMBER |
|---|---|---|
| | Ayon | |

**ADMINISTRATIVE REVIEW *(PART B)***
*The following to be completed during the initial administrative review by Captain or higher by the first working day following placement*

**STAFF ASSISTANT (SA)** / **INVESTIGATIVE EMPLOYEE (IE)**

| STAFF ASSISTANT'S NAME | TITLE | INVESTIGATIVE EMPLOYEE'S NAME | TITLE |
|---|---|---|---|
| [signature] | C/O | | |

**IS THIS INMATE:**

| | | |
|---|---|---|
| LITERATE? | [X] YES | [ ] NO |
| FLUENT IN ENGLISH? | [X] YES | [ ] NO |
| ABLE TO COMPREHEND ISSUES? | [X] YES | [ ] NO |
| FREE OF MENTAL HEALTH SERVICES DELIVERY SYSTEM NEEDS? | [X] YES | [ ] NO |
| DECLINING FIRST STAFF ASSISTANT ASSIGNED? | [ ] YES | |

Any "NO" requires SA assignment
[X] NOT ASSIGNED

| | | |
|---|---|---|
| EVIDENCE COLLECTION BY IE UNNECESSARY | [X] YES | [ ] NO |
| DECLINED ANY INVESTIGATIVE EMPLOYEE | [X] YES | [ ] NO |
| ASU PLACEMENT IS FOR DISCIPLINARY REASONS | [ ] YES | [X] NO |
| DECLINED 1ST INVESTIGATIVE EMPLOYEE ASSIGNED | [ ] YES | |

Any "NO" may require IE assignment
[X] NOT ASSIGNED

**INMATE WAIVERS**

- [ ] INMATE WAIVES OR DECLINES INTERVIEW WITH ADMINISTRATIVE REVIEWER
- [X] INMATE WAIVES RIGHT TO 72 HOURS PREPARATION TIME
- [ ] NO WITNESSES REQUESTED BY INMATE

| INMATE SIGNATURE | DATE |
|---|---|
| | |

**WITNESSES REQUESTED FOR HEARING**

| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |
|---|---|---|---|
| | | | |
| | | | |

**DECISION:** [ ] RELEASE TO UNIT/FACILITY ____ [ ] RETAIN PENDING ICC REVIEW [ ] DOUBLE CELL [ ] SINGLE CELL PENDING ICC

REASON FOR DECISION: Retain ASU pending ICC [illegible] [illegible] [illegible] 2x cell [illegible] ICC

| ADMINISTRATIVE REVIEWER'S PRINTED NAME | TITLE | DATE OF REVIEW | TIME | ADMINISTRATIVE REVIEWER'S SIGNATURE |
|---|---|---|---|---|
| A. HEDGPETH | CAPT | 12-27-00 | 1432 | [signature] |

| CORRECTIONAL ADMINISTRATOR'S PRINTED NAME (if necessary) | CORRECTIONAL ADMINISTRATOR'S CO-SIGNATURE (if necessary) | DATE OF REVIEW |
|---|---|---|
| | | |

See Chronological Classification Review document (CDC 128-G) for specific hearing information

AYON

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

# RULES VIOLATION REPORT

8.30.07 Epms

| CDC NUMBER | INMATE'S NAME | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|
| P-22590 | AYON | 08-29-2007 EPRD | SVSP | D5-206 | FD-02-07-0016 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| C.C.R. §3005(c) | Battery on an Inmate With Serious Injury | "D" Yard #2 | 7/10/02 | 1510 Hrs. |

CIRCUMSTANCES

On July 10, 2002, at approximately 1510 hours while working as "D" Yard Observation Officer #2, I was observing "D" Yard #2. I saw an inmate, later identified as inmate ROSENBERG, P-32050 (D6-119U) at the picnic table in front of housing unit D6 punching an inmate, later identified as inmate SANTANA, D-24956 (D6-208U) in the upper chest and neck area. I repeatedly ordered the inmates on the D2 Yard to "Get down, prone out!" via the D-Yard public address system. Responding staff arrived immediately ordering the inmates to get down with negative results. Two (2) additional inmates later identified as inmates AYON, P-22590 (D5-206U) and HERNANDEZ, E-65268 (D6-225) started punching inmate SANTANA. Responding staff continued ordering the assaulting inmates to get down with negative results. Officer Kidd fired one (1) 264W (wooden) Baton Round at the assaulting inmates from housing unit D6 control. Inmates ROSENBERG, HERNANDEZ and AYON stopped their attack. All inmates laid down in the prone position. L.N. M. Byrne arrived and began a medical evaluation of SANTANA. The S.V.S.P. Emergency Medical Transport Vehicle arrived and took SANTANA off the yard for further medical attention. Inmate ROSENBERG, HERNANDEZ and AYON were placed in handcuffs and escorted off the yard without further incident.

Inmate AYON **is not** a participant in the Mental Health Delivery System.

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| M.K. Andres, Correctional Officer (signature) 7-12-02 | 7/10/02 | "D" Yard Observation #2 | S/M |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING |
|---|---|---|
| (signature) J.A. M[illegible] | 7/13/02 | DATE ______ LOC. ______ |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE ☐ SERIOUS | A-1 151-3165 | 7-13-02 | B. PETERSON LT. (signature) B Peterson | ☐ HO ☒ SHO ☐ SC ☐ FC |

COPIES GIVEN INMATE BEFORE HEARING

| | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT | | |
|---|---|---|---|---|---|---|
| ☐ CDC 115 | (signature) | 7/14/02 | 1715 | ① Copy of DA notice ② IE | | |
| ☐ INCIDENT REPORT LOG NUMBER: SVP FDY-02-07-0345 | (signature) | 7/14/02 | 1715 | BY: (STAFF'S SIGNATURE) ① (signature) ② (signature) | DATE 1-22-03 2-1-03 | TIME 1600 1700 |

HEARING

PLEA: NOT GUILTY.

FINDINGS: Inmate AYON was found GUILTY of CCR §3005(c), specifically "Battery on an Inmate With Serious Injury" a Division "A-1" offense. This finding is based on the preponderance of evidence presented at the hearing which does substantiate the charge. The evidence presented at the hearing included: (CONT'D SEE CDC-115-C)

DISPOSITION: Assessed [redacted] forfeiture of credits in accordance with a Division "A-1" offense per CCR §3323. Inmate AYON was assessed 90 days loss of special purchases and quarterly packages; begins 02/05/03 thru 05/05/03.

ADDITIONAL DISPOSITION: Inmate AYON was counseled, warned and reprimanded.

CLASSIFICATION REFERRAL: Refer to ICC for program review. ⊖ credit Loss. Due process violation. Monterey Co. Court minute order received and posted on 112 11-23-02. Date used to start hearing proceedings was 1-21-03, as received by ISU. (signature) 6/27/08

REFERRED TO ☐ CLASSIFICATION ☐ BPT/NAEA

| ACTION BY: (TYPED NAME) | SIGNATURE | DATE | TIME |
|---|---|---|---|
| L. Martinez, Correctional Lieutenant | (signature) | 2-1-03 | 0800 |

| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE |
|---|---|---|---|
| (signature) | 2/21/03 | (signature) | 2/25/03 |

| | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|
| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | (signature) K. [illegible] | 3/01/03 | 1700 |

CDC 115 (7/88)

NOTE: SEND COPY OF PHYSICIAN'S ORDER FOR MEDICATION TO PHARMACY AFTER EACH ORDER IS SIGNED.

| Order Date | Time | Problem # | Physician's Order and Medication (Orders must be dated, timed, and signed.) |
|---|---|---|---|
| Noted | | | |
| 12-23-01 | | | Telamus [illegible] 0.5u [illegible] |
| | | | [signature] |
| | | | Noted [illegible] 12-23-00 1500 [illegible] |
| | | | (ordered) Lot # U630 1AA X6.02 |
| 7/18/01 | 11:55 | | (1) cortisporin otic gtts [illegible] x [illegible] |
| | | | (2) Veloceff 500mg T QID x 7day |
| | | | (3) motrin 800mg tid x 7day |
| | | | (4) followup med 1/12 |
| | | | (5) Stop putting toilet paper in ears |
| | | | [signature] Albenson |
| | | | |
| | | | |
| | | | |

ALLERGIES: NKA

INSTITUTION: SVSP

ROOM/WING: C4-217

CDC NUMBER, NAME (LAST, FIRST, MI): Ayon P22590

Confidential client information See W & I Code, Sections 4514 and 5328

PHYSICIAN'S ORDERS

| DATE | TIME | |
|---|---|---|
| 12.23.02 | | (S) Inmate was brought to ER with a history of injury to face & both knees. unable to get a good history from patient |
| | | (O) General condition good. HEENT: Has swelling of nose & multiple abrasion of face & lips. Nasal bleeding + |
| | | VS: Pulse 80/min BP 140/80 |
| | | Heart: Tones good |
| | | Lungs: clear |
| | | Abdomen: Soft Non tender |
| | | Bowel sounds + |
| | | Extremities: Abrasion + both knees. |
| | | (A) Multiple Contusions & Possible Nasal bone fracture. |
| | | (P) Transfer to ER N.M.C. Talked to ER Doctor Dr Weisinger. |
| | | [signature] |

| INSTITUTION | PHYSICIAN | ROOM NO. | CDC NUMBER, NAME (LAST, FIRST, MI) |
|---|---|---|---|
| SVSP | | | Ayon P22590 |

**PHYSICIAN'S PROGRESS NOTES**

CDC 7230 (7/90)

STATE OF CALIFORNIA DEPARTMENT OF CORRECTIONS

**NOTE: SEND COPY OF PHYSICIAN'S ORDER FOR MEDICATION TO PHARMACY AFTER EACH ORDER IS SIGNED.**

| Order Date | Time | Problem # | Physician's Order and Medication (Orders must be dated, timed, and signed.) |
|---|---|---|---|
| | | | No CHART |
| | | | superficial laceration |
| 12/4/01 | 12:00 | Dx: | Contusion (R) upper lip (R) upper. Abrasion (L) neck & elbow |
| | | 1) | Ibuprofen 600 mg BID PRN pain relief x 5 days |
| | | 2) | Antibiotic oint to scratches lip, neck & elbow BID x 5d. |
| | | 3) | D/C back to custody |
| | | 4) | Recheck if symptoms persist |
| | | | 12/04/01 |

ALLERGIES: NKDA

INSTITUTION: SVSP

ROOM/WING: CY-217

CDC NUMBER, NAME (LAST, FIRST, MI): Ayon P22590

Confidential client information See W & I Code, Sections 4514 and 5328

**PHYSICIAN'S ORDERS**

PROOF OF SERVICE BY MAIL

I, Jose Ayon #P22590, declare,

That I am over 18 years of age, and a party to the attached herein cause of action, that I reside at Kern Valley State Prison in the county of Delano California. My mailing address is;

P.O. Box 5102 (93216)

On ____________, 20____, I delivered to prison officials for mailing, at the above address, the attached; 3 copies + 1-original Civil Complaint, 4-Copies Exhaustion of institutional remedies, 1-Declaration/In forma pauperis, 1 Proof of Service.

In sealed envelope(s) with postage fully prepaid, addressed to;

(1) Clerk, US District Court.
880 Front Street Room 4290
San Diego, CA 92101-8900

(2) ____________

(3) ____________

(4) ____________

I declare under penalty of perjury that the foregoing is true and correct.

Executed this ______ day of __________, 20____, at __________ California.

____________________
IN PRO PER

JS44

(Rev. 07/89)

# CIVIL COVER SHEET

FILED
NOV 19 2007
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY [signature] DEPUTY

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

2254 ____ 1983 ✓
FILING FEE PAID
Yes ____ No ✓
IFP MOTION FILED
Yes ✓ No
COPIES SENT TO
Court ✓ ProSe

**I (a) PLAINTIFFS**

**Jose Ayon**

**DEFENDANTS**

**Richardson, et al**

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Kern
**(EXCEPT IN U.S. PLAINTIFF CASES)**

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT**
**(IN U.S. PLAINTIFF CASES ONLY)**

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

**Jose Ayon**
**PO Box 5102**
**Delano, CA 93216**
**P-22590**

**ATTORNEYS (IF KNOWN)**

'07CV 2212 JLS NLS

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX (For Diversity Cases Only) FOR PLAINTIFF AND ONE BOX FOR DEFENDANT**

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

**42 U.S.C. 1983**

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

**CONTRACT**
- ☐ 110 Insurance
- ☐ Marine
- ☐ Miller Act
- ☐ Negotiable Instrument
- ☐ 150 Recovery of Overpayment &Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153Recovery of Overpayment of Veterans Benefits
- ☐ 160 Stockholders Suits
- ☐ Other Contract
- ☐ 195 Contract Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Eiectmant
- ☐ 240 Tort to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**PERSONAL INJURY**
- ☐ 362 Personal Injury- Medical Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence Habeas Corpus
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☒ 550 Civil Rights

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710Fair Labor Standards Act
- 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc.
- ☐ Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (13958)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS - Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reappointment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities Exchange
- ☐ 875 Customer Challenge 12 USC
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State
- ☐ 890 Other Statutory Actions

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding ☐ 2 Removal from State Court ☐ 3 Remanded from Appelate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23 **DEMAND $** Check YES only if demanded in complaint: **JURY DEMAND:** ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):** JUDGE Docket Number

DATE 11/19/2007 ~~SIGNATURE OF ATTORNEY OF RECORD~~ [signature]