# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE AYON,<br>CDCR #P-22590,<br>Plaintiff,<br>vs.<br>T. RICHARDSON, et al.,<br>Defendants. | Civil No. 07-2212 JLS (NLS)<br><br>**ORDER TRANSFERRING CIVIL ACTION FOR LACK OF PROPER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. § 84(a), 28 U.S.C. § 1391(b) AND 28 U.S.C. § 1406(a)** |

Jose Ayon ("Plaintiff"), a prisoner currently incarcerated in Kern Valley State Prison ("KVSP"), in Delano, California, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff claims that a Sergeant and several unidentified correctional officials at Salinas Valley State Prison ("SVSP") violated his Eighth Amendment rights while he was incarcerated there from December 2000 through May 2005. (*See* Compl. at 1-5.) Plaintiff seeks both compensatory and punitive damages. (*Id.* at 9.)

Plaintiff has not prepaid the $350 civil filing fee mandated by 28 U.S.C. § 1914(a); instead has he filed a Motion to Proceed *In Forma Pauperis* pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

/ / /

## I.

## LACK OF PROPER VENUE

Upon initial review of the Complaint, the Court finds that Plaintiff's case lacks proper venue. Venue may be raised by a court sua sponte where the defendant has not yet filed a responsive pleading and the time for doing so has not run. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). "A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488; *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such case to any district in or division in which it could have been brought." 28 U.S.C. § 1406(a).

Here, Plaintiff is currently incarcerated at KVSP, but he claims constitutional violations arising out of events which are alleged to have occurred at SVSP in Soledad, California, which is located in Monterey County. (*See* Compl. at 1-2.) Moreover, all Defendants are alleged to work at SVSP (and presumably reside) in Monterey County; none is alleged to reside in the Southern District, which is comprised only of San Diego or Imperial Counties. (*Id.*) *See also* 28 U.S.C. § 84(a) ("The Northern District [of California] comprises the count[y] of ... Monterey...."); 28 U.S.C. 84(d) ("The Southern District [of California] comprises the counties of Imperial and San Diego.").

Therefore, venue is proper in the Northern District of California pursuant to 28 U.S.C. § 84(a), but not in the Southern District of California. *See* 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488.

/ / /

## II.

## CONCLUSION AND ORDER

Accordingly, **IT IS HEREBY ORDERED** that the Clerk of the Court shall transfer this case for lack of proper venue, in the interests of justice and for the convenience of all parties, to the docket of the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 84(a), 28 U.S.C. § 1391(b) and 28 U.S.C. § 1406(a).[1]

DATED: December 4, 2007

Janis L. Sammartino
Honorable Janis L. Sammartino
United States District Judge

---

[1] Because the Court finds transfer appropriate, it defers ruling on Plaintiff's Motion to Proceed IFP [Doc. No. 2] to the Northern District, and expresses no opinion as to whether Plaintiff's Complaint alleges facts sufficient to survive the mandatory sua sponte screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that fails to state a claim); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (sua sponte screening provisions of 28 U.S.C. § 1915A(b)(1) & (2) require court to dismiss complaints filed by prisoners which are frivolous, malicious, fail to state a claim or seeking damages from immune defendants).